UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SINGLETON SLADE,

              Plaintiff,      CIV. S-05-1483 MCE PAN PS

     v.

GRANT JOINT UNION HIGH SCHOOL     FINDINGS AND RECOMMENDATIONS
DISTRICT, JACQUES WHITFIELD,
HELLEN VERELLA, and DENNIS
HENNING,

              Defendants.

-o0o-

     The court vacates its order filed December 12, 2005, and issues these findings and recommendations.

     On July 22, 2005, plaintiff filed an incomplete application to proceed in forma pauperis and a proposed complaint. By order filed September 30, 2005, this court directed plaintiff to provide a complete application and an accounting of her monthly income and expenses. Plaintiff timely

filed an amended application but failed to include her expenses; her inclusion of a receipt for airline travel to attend a "new wife class" at a military base raised additional questions.  On November 10, 2005, the court directed plaintiff to "further supplement her amended application to proceed in forma pauperis with an itemization of her monthly expenses [and] an explanation of her military affiliation and marital status."  Plaintiff failed timely to respond to the court's November 10 order and on December 12, 2005, the court directed the closing of this file.

On December 28, 2005, plaintiff again filed a motion to proceed in forma pauperis and a letter in which she states she was married September 2, 2005, but does not know the amount of her husband's income as the "money is his and hers" and she alone supports her two children plus "1% a month" to her goddaughter. Also vague is the amount of plaintiff's own employment income, which she identifies differently on each of her applications, viz., $600 to $700 per month on her first application, $1900 a month on her second application, and $1200 per month "take home" on her third application.

Plaintiff avers she has sought to meet the court's instructions and does not know what else to provide, beseeching the court for further instructions.  In reality, the court has made every effort to identify the information plaintiff must submit.  Despite three applications, plaintiff's legally attributable income remains a mystery due to the variable amount of her own stated income and her avowed disassociation from the

income of her husband despite California's community property laws. Plaintiff's fellow taxpayers should not be required to subsidize her lawsuit based on such vague allegations.

I find, therefore, that plaintiff's affidavit fails to demonstrate that because of poverty she cannot pay or give security for court costs and still be able to provide herself and her dependents with the necessities of life. See <u>Adkins v. E.I. Dupont de Nemours & Co</u>., 335 U.S. 331, 339 (1948).

Accordingly, I recommend that plaintiff's application to proceed in forma pauperis be denied.

These findings and recommendation are submitted to the Honorable Morrison C. England, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Further written objections may be filed within ten (10) days after being served with these findings and recommendation. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 18, 2006.

                                      <u>/s/ Peter A. Nowinski</u>
                                      PETER A. NOWINSKI
                                      Magistrate Judge